UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY C. CHANCY, SR.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 15-CV-767

JUDY P. SMITH AND CARRIE SPRANGER,

    Defendants.

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DOC. 36), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DOC. 41), AND AMENDING SCHEDULING ORDER

Anthony Chancy, the *pro se* plaintiff in this civil rights action, is proceeding on claims that defendants retaliated against him for filing prison grievances and for refusing to be a prison informant. He has now filed a motion to compel and a motion for extension of time which are addressed below.

## Motion to Compel

Plaintiff moves for an order compelling defendants to produce certain documents in response to his Request for Production of Documents filed on October 3, 2016. He also moves the court to order the defendants to pay him $100.00 for having to pursue an order to compel discovery, citing to Rule 37(a)(4) as grounds for such relief.

Under Federal Rule of Civil Procedure 37, a party is permitted to file a motion to compel discovery where another party fails to respond to interrogatories or requests for production of documents. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii) and (iv). The movant "must include a certification that the movant has in good faith conferred or attempted to confer

with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

Plaintiff has not provided any information that he attempted to confer with defendants prior to filing his motion to compel. Therefore, court action would be premature.

Even if plaintiff had certified that he conferred with defendants prior to filing his motion to compel, the motion would be denied on the merits because the motion shows that defendants have not denied plaintiff access to the documents he requested in Requests for Production Nos. 4, 5, and 9. Plaintiff cites to three requests for production of documents and states that defendants are refusing to produce these documents. However, the defendants' response to each of these requests demonstrates that they did not refuse to provide the documents.

For Requests for Production Nos. 4 and 5, the requested documents already are available to plaintiff, and defendants' responses gave him directions on how to obtain the documents, specifically by contacting the Fox Lake Correctional Institution Business Office and making copies. For Request for Production No. 9, plaintiff requested a copy of a restricted policy. As a matter of security, defendants are not willing to provide plaintiff a copy of that restricted policy; however, in their response, defendants have instructed plaintiff that he may contact the records supervisor at Fox Lake Correctional Institution to schedule a time when he may go and inspect the policy and take notes about the policy. Defendants have made the requested documents available to plaintiff. Therefore, plaintiff has not shown that the court should grant his motion to compel discovery. *See* Fed. R. Civ. P. 34(a)(1).

Case 2:15-cv-00767-WCG    Filed 01/03/17    Page 2 of 3    Document 47

As noted earlier, plaintiff seeks $100 sanctions from defendants pursuant Federal Rule of Civil Procedure 37(a)(4). However, because the court has denied his motion to compel, plaintiff is not entitled to sanctions under that provision or any federal rule.

## Motion for Extension of Time

Plaintiff has filed a motion for extension of time to allow the court to decide his motion to compel and to extend the deadlines for the completion of discovery and filing dispositive motions. He submits that he needs more time to complete discovery. Defendants do not oppose the request for additional time. Under the current Scheduling Order, the deadline for the completion of discovery was December 9, 2016, and the deadline for filing dispositive motions is January 9, 2017. Under the circumstances, a time extension is reasonable. Therefore,

IT IS ORDERED that plaintiff's motion to compel discovery (Docket 36) is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for extension of time (Docket 41) is GRANTED. The Scheduling Order is amended as follows: the deadline for the completion of discovery is **March 1, 2017**, and the deadline for filing dispositive motions is **April 3, 2017**.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2017.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U.S. District Judge

3