UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANTHONY C. CHANCY, JR.,

    Plaintiff,

    v.                                             Case No. 15-CV-767

JUDY P. SMITH AND CARRIE SPRANGER,

    Defendants.

ORDER DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DOC. 43), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (DOC. 52), DENYING AS MOOT PLAINTIFF'S MOTION TO STAY DISPOSITIVE MOTION DEADLINE (DOC. 53), DIRECTING SERVICE OF THE AMENDED COMPLAINT ON NEW DEFENDANTS, DIRECTING DEFENDANTS TO ANSWER THE AMENDED COMPLAINT, AND TRANSFERRING CASE

On February 27, 2017, the plaintiff filed a motion to amend the complaint. (Docket 52.) He seeks to add First Amendment retaliation claims and Eighth Amendment claims against nine new defendants, as well as a claim that the defendants conspired against him. The plaintiff alleges that he has sought assistance from other inmates, he realizes he made several errors in drafting the original complaint, and that he cannot meet the elements of a retaliation claim because the screening order dismissed the main defendants/participants responsible for the retaliation. Plaintiff further states that if the court allows him to amend the complaint, he will voluntarily dismiss the habeas corpus proceeding he filed after the court dismissed his due process claim (Case Number 16-C-220).

The defendants oppose the motion to amend. They state that granting plaintiff leave to amend at this late stage in the case would prejudice them because it would expand the claims the court allowed him to proceed on in the Screening Order. The

defendants also assert that plaintiff has had ample opportunity over the last year and four months to seek counsel from inmates and to request a change to his pleadings. They further object to an amendment after their motion for summary judgment on exhaustion grounds is fully briefed and ready for resolution.

A district court should freely give leave to amend a complaint when justice requires. Fed. R. Civ. P. 15(a)(2); *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012); *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). "[W]hile a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). A district court may deny leave to file an amended complaint in the case of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008).

The plaintiff's motion to amend does not come at an ideal time for the defendants in that their motion for summary judgment on exhaustion grounds is fully briefed (as of March 8, 2017) and, if granted, would dispose of this case. However, the defendants would not necessarily be unduly prejudiced if the court allowed the amendment because the plaintiff raised his retaliation claims in the original complaint. Having reviewed the plaintiff's retaliation claims as set forth in the amended complaint, i.e., apart from the original complaint in which the plaintiff presented them in conjunction with his due process claim challenging his disciplinary hearing, the court is no longer convinced that plaintiff's

2

retaliation claims would necessarily imply the invalidity of his disciplinary conviction, at this stage of the case. Consequently, the court will allow the amendment. *See Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (delay on its own is usually not reason enough for a court to deny a motion to amend).

In sum, the amended complaint will be the operative complaint in this action and the plaintiff may proceed on his retaliation claims as set forth in the amended complaint. Plaintiff may not, however, proceed on a claim under the Eighth Amendment because the court does not identify any such claim. Additionally, the plaintiff may not proceed on a "conspiracy" claim, because all of the defendants are employees of the same state agency—the Wisconsin Department of Corrections—and, therefore, the intracorporate-conspiracy doctrine applies. *See Beese v. Todd*, 35 Fed. Appx. 241, 243 (7th Cir. 2002); *Payton v. Rush-Presbyterian*, 184 F.3d 623, 632 (7th Cir. 1999).

In the interest of case management and keeping this case on one litigation track as to all defendants, the court will deny without prejudice the defendants' motion for summary judgment on exhaustion grounds. The defendants may refile this motion, if appropriate, in conjunction with any other dispositive motion that they file later.

Lastly, the plaintiff has filed a motion to stay the dispositive motion filing deadline. (Docket 53.) Because the court stayed the dispositive motion filing deadline on January 18, 2017, the plaintiff's motion is moot. In any event, the court will issue a revised scheduling order after the new defendants have been served and all defendants have answered the amended complaint. Therefore,

IT IS ORDERED that the defendants' motion for summary judgment on exhaustion grounds (Docket 43) is DENIED WITHOUT PREJUDICE.

3

IT IS ORDERED that the plaintiff's motion for leave to file amended complaint (Docket 52) is GRANTED. The proposed amended complaint (Docket 52-1) is the operative complaint in this action.

IT IS FURTHER ORDERED that the plaintiff's motion to stay dispositive motion deadline (Docket 53) is DENIED AS MOOT.

IT IS FURTHER ORDERED that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

IT IS ALSO ORDERED that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

Finally, to facilitate resolution of these proceedings, this case is transferred to the Clerk's office for reassignment.

Dated at Milwaukee, Wisconsin, this 29th day of March, 2017.

BY THE COURT

s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE