# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ANTHONY C. CHANCY, SR.,

       Plaintiff,

    v.                                     Case No. 15-CV-767

JUDY P. SMITH, et al.,

       Defendants.

## DECISION AND ORDER

The *pro se* plaintiff, Anthony C. Chancy, Sr., is a Wisconsin state prisoner. He claims that the defendants retaliated against him for his refusal to be an informant in a staff gang investigation and for filing inmate grievances. The defendants have filed a motion for summary judgment for failure to exhaust administrative remedies. For the reasons explained in this order, the Court will grant the defendants' motion and dismiss this case.

## BACKGROUND[1]

Chancy was incarcerated at the Oshkosh Correctional Institution (Oshkosh) at all times relevant. Judge Charles N. Clevert, Jr., screened the original complaint and allowed Chancy to proceed on claims against defendants Judy P. Smith and Carrie Spranger based on allegations that they rejected his offender complaints, and that Smith denied Chancy's appeal related to Conduct Report No. 236355, both in retaliation for his refusal to be an informant and assist staff in their

---

[1] This section is taken from the defendants' proposed findings of fact. Chancy did not file a response to the defendants' proposed findings of fact. The defendants' facts are therefore undisputed. *See* Civil L.R. 56(b)(4) (E.D. Wis.); Fed. R. Civ. P. 56(e).

investigation of gang activity, and for filing grievances. Judge Clevert subsequently granted Chancy's motion to amend the complaint to add nine defendants. The case was reassigned to this Court on March 29, 2017.

In the amended complaint, Chancy alleges that Oshkosh staff retaliated against him for his refusal to be an informant and assist staff in their investigation of the gang activity at the institution. Specifically, in addition to his allegations against defendants Smith and Spranger, Chancy alleges that defendant Emil Toney interviewed him on April 19, 2014, after a money disbursement from inmate Joseph Hammer to Chancy's mother was intercepted. Defendant Toney allegedly verbally abused Chancy, accused him of being a gang member, and encouraged him to conspire against inmate Hammer. Defendant Nicholas Nooyen issued Chancy Conduct Report No. 2363555 on May 15, 2014, related to the intercepted money disbursement. Defendant Craig Nicholson was assigned as Chancy's staff advocate for Conduct Report No. 2363555 and failed to ensure requested witnesses and evidence were presented at a disciplinary hearing. Defendant Jason Mentzel allegedly agreed to "advocate" for Chancy regarding his being in possession of a witness form. Defendant Sherri Amundson was in charge of processing witness forms and did not reschedule a second disciplinary hearing for Chancy after learning that the witnesses were not allowed at the first disciplinary hearing. Defendants Hans Kuster, Stan Doman, and Mary Casper were the Adjustment Committee members who held Chancy's disciplinary hearing on June 2, 2014, and did not allow witnesses to testify. Kuster, Doman, and Casper found Chancy guilty of charges and gave him a disposition of 120 days in disciplinary separation.

Chancy's Inmate Complaint History Report, as of September 18, 2017, shows that he did not file an offender complaint under the Inmate Complaint Review System (ICRS) related to his

retaliation claims against any of the defendants in this lawsuit.

Chancy alleged in his amended complaint that he exhausted his claims by filing inmate complaints OSCI-2014-13231, OSCI-2014-19120, and OSCI-2014-19121.[2]

In OSCI-2014-13231, Chancy complained that a witness form went missing and that, as a result, he was refused the opportunity to present witnesses at a conduct report hearing held on June 2, 2014. Chancy made no claims of retaliation in OSCI-2014-13231. Defendant Spranger ultimately rejected the conduct report because Chancy submitted it beyond the fourteen calendar-day-limit. Chancy requested review of the rejection of OSCI-2014-13231 but again made no claims of retaliation. Defendant Smith upheld the rejection.

In OSCI-2014-19120, Chancy complained that his mother had not received the money that was the subject of the June 2, 2014, disciplinary hearing. Chancy made no claims of retaliation in OSCI-2014-19120. Defendant Spranger rejected OSCI-2014-19120 because it was untimely. Chancy requested review of the rejection of OSCI-2014-19120 but again made no claims of retaliation. Defendant Smith upheld the rejection.

In OSCI-2014-19121, Chancy complained about Director Rex Smith's authorization of a money transfer that was the subject of the June 2, 2014, disciplinary hearing. He complained that he should not have received a conduct report (Conduct Report 2363555) because Director Smith authorized the transfer of property, which transfer was the underlying basis for the conduct report. Chancy made no claims of retaliation. Defendant Spranger rejected this inmate complaint as being untimely. Chancy appealed this rejection but made no claims of retaliation in his appeal. Defendant

---

[2] Chancy also cited to two other inmate complaints, OSCI-2014-11884 and OSCI-2015-2813, but neither complaint is applicable to the claims in this case.

Smith upheld the rejection.

All of the above complaints related to Conduct Report No. 2363555, issued to Chancy on May 14, 2014. Chancy had a disciplinary hearing on June 2, 2014, for Conduct Report No. 2363555, at which time the Adjustment Committee found him guilty of DOC 303.32, Enterprises and Fraud, and DOC 303.40, Unauthorized Transfer of Property. Chancy appealed this decision to the Warden on June 3, 2014. He did not allege any retaliation claims in his appeal. On June 11, 2014, the Deputy Warden affirmed the Adjustment Committee's decision.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). All reasonable inferences are construed in favor of the nonmoving party. *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Parent v. Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012) (internal quotations omitted).

## ANALYSIS

The defendants contend that they are entitled to summary judgment because Chancy failed to exhaust his administrative remedies. In response, Chancy contends that the Court should deny

the defendants' motion because any reasonable legal-minded individual reviewing his inmate complaints and appeals would infer a potential claim of retaliation against Oshkosh administrative staff and officials.

The Prison Litigation Reform Act (PLRA) provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). Exhaustion requires that a prisoner comply with the rules applicable to the grievance process at the inmate's institution. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The objective of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). The Seventh Circuit applies a "strict compliance approach to exhaustion," and expects prisoners to adhere to "the specific procedures and deadlines established by the prison's policy." *Dole*, 438 F.3d at 809; *see also Hernandez v. Dart*, 814 F.3d 836, 842 (7th Cir. 2016) (citations omitted).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated and decided." Wis. Admin. Code § DOC 310.01. Under the ICRS, an inmate must file a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint, unless good cause exists to excuse a delay. Wis. Admin.

Code § DOC 310.09(6). The institution complaint examiner has the authority to return, investigate, or recommend a decision to an appropriate reviewing authority. Wis. Admin. Code § DOC 310.07(2)(a)–(c). If a reviewing authority renders a decision, the inmate may appeal that decision to the corrections complaint examiner within ten calendar days. Wis. Admin. Code § DOC 310.13(1). After receiving an appeal, the corrections complaint examiner shall issue a written receipt of the appeal to the inmate within five working days, then recommend a decision to the Secretary of the Department of Corrections, who adopts or rejects the recommendation. Wis. Admin. Code §§ DOC 310.13(4), DOC 310.14(2). The failure to properly exhaust each step of the grievance process constitutes failure to exhaust available administrative remedies. *Pozo*, 286 F.3d at 1025.

It is undisputed that Chancy did not submit any offender complaint related to his retaliation claims against the defendants. Rather, he contends that prison officials should have inferred retaliation based on the facts of the inmate complaints.

In the absence of a more particular grievance rule mandating more, inmates need not plead legal theories in their grievances. *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) (Compliance with prison grievance procedures is all that is required by the PLRA to "properly exhaust."). On the other hand, a prisoner must still "alert[ ] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). The Wisconsin Department of Corrections ICRS rules require that each inmate complaint "[c]ontain only one issue per complaint, and shall clearly identify the issue." Wis. Admin. Code § DOC 310.09(e).

Chancy's inmate complaints do not mention retaliation nor do they identify the protected conduct that allegedly provoked retaliation. He has therefore failed to exhaust his administrative

remedies as to his retaliation claims. *See Lockett v. Goff*, No. 17-cv-93, 2017 WL 4083594, at \*2 (W.D. Wis. Sept. 13, 2017) ("If the grievance concerns alleged retaliation, then at a minimum it must identify two things: the protected conduct that provoked the retaliation and the retaliatory act." (citations omitted)). Thus, the Court will grant the defendants' motion for summary judgment and dismiss this case without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment (ECF No. 76) is **GRANTED** and this case is **DISMISSED WITHOUT PREJUDICE**.

Dated at Green Bay, Wisconsin this __15th__ day of March, 2018.

 s/ William C. Griesbach
 William C. Griesbach, Chief Judge
 United States District Court - WIED